IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCAS L. LOVETTE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| CREDIT BUREAU COLLECTION SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action to secure redress for improper credit and collection practices engaged in by defendant in connection with an account that resulted from identity theft. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k.

5. Venue and personal jurisdiction in this District are proper because defendant does business in this District and the events at issue impacted plaintiff in this District.

## PARTIES

6. Plaintiff is an individual who resides in Chicago, Illinois.

7. Defendant Credit Bureau Collection Services, Inc. ("CBCS") is a corporation chartered under the law of Ohio with offices at 250 E. Town St., Columbus, OH 43215. It does business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62753.

8. Defendant CBCS is engaged in the business of a collection agency.

9. Defendant CBCS uses the mails and telephone system to conduct its business.

10. Defendant CBCS is a debt collector as defined in the FDCPA.

11. Defendant CBCS is a collection agency as defined in the ICAA.

## FACTS

12. At some time prior to March 2009, an unknown person or persons obtained an AT&T residential account using the name, identity and credit of plaintiff.

13. Plaintiff made no use of the account, received no benefit from it, and did not authorize its issuance.

14. The imposter did not pay the debt and it went into default.

15. On information and belief, the defaulted account was transferred to CBCS.

16. On or about March 12, 2009, a representative of CBCS called plaintiff to collect the debt.

17. Plaintiff informed the caller that the account was fraudulent and not that

of plaintiff.

18. Under Illinois law, as of January 1, 2008, a collection agency such as CBCS, is required to inform a consumer who indicates that a purported debt is the result of identity theft how to file an identity theft report.

19. Section 9.4 of the ICAA, 225 ILCS 425/9.4, states:

Debt collection as a result of identity theft

> Sec. 9.4. (a) Upon receipt from a debtor of all of the following information, a debt collector or collection agency must cease collection activities until completion of the review provided in subsection (d) of this Section:
>
>> (1) A copy of a police report filed by the debtor alleging that the debtor is the victim of an identity theft crime for the specific debt being collected by the debt collector.
>>
>> (2) The debtor's written statement that the debtor claims to be the victim of identity theft with respect to the specific debt being collected by the debt collector, including (i) a Federal Trade Commission's Affidavit of Identity Theft, (ii) an Illinois Attorney General ID Theft Affidavit, or (iii) a written statement that certifies that the representations are true, correct, and contain no material omissions of fact to the best knowledge and belief of the person submitting the certification. This written statement must contain or be accompanied by, each of the following, to the extent that an item listed below is relevant to the debtor's allegation of identity theft with respect to the debt in question:
>>
>>> (A) A statement that the debtor is a victim of identity theft.
>>>
>>> (B) A copy of the debtor's driver's license or identification card, as issued by this State.
>>>
>>> (C) Any other identification document that supports the statement of identity theft.
>>>
>>> (D) Specific facts supporting the claim of identity theft, if available.
>>>
>>> (E) Any explanation showing that the debtor did not incur the debt.
>>>
>>> (F) Any available correspondence disputing the debt after transaction information has been provided to the debtor.
>>>
>>> (G) Documentation of the residence of the debtor at the time of the alleged debt, which may include copies of bills and statements, such as utility bills, tax statements, or other statements from businesses sent to the debtor and showing that the debtor lived at another residence at the time the debt was incurred.

      (H) A telephone number for contacting the debtor concerning any additional information or questions or direction that further communications to the debtor be in writing only, with the mailing address specified in the statement.

      (I) To the extent the debtor has information concerning who may have incurred the debt, the identification of any person whom the debtor believes is responsible.

      (J) An express statement that the debtor did not authorize the use of the debtor's name or personal information for incurring the debt.

(b) A written certification submitted pursuant to item (iii) of paragraph (2) of subsection (a) of this Section shall be sufficient if it is in substantially the following form:

    "I certify that the representations made are true, correct, and contain no material omissions of fact known to me.

                               (Signature)

                                 (Date)"

**(c) If a debtor notifies a debt collector or collection agency orally that he or she is a victim of identity theft, the debt collector or collection agency shall notify the debtor orally or in writing, that the debtor's claim must be in writing. If a debtor notifies a debt collector or collection agency in writing that he or she is a victim of identity theft, but omits information required pursuant to this Section, if the debt collector or collection agency does not cease collection activities, the debt collector or collection agency must provide written notice to the debtor of the additional information that is required or send the debtor a copy of the Federal Trade Commission's Affidavit of Identity Theft form.**

(d) Upon receipt of the complete statement and information described in subsection (a) of this Section, the debt collector shall review and consider all of the information provided by the debtor and other information available to the debt collector or collection agency in its file or from the creditor. The debt collector or collection agency may recommence debt collection activities only upon making a good faith determination that the information does not establish that the debtor is not responsible for the specific debt in question. The debt collector or collection agency must notify the consumer in writing of that determination and the basis for that determination before proceeding with any further collection activities. The debt collector's or collection agency's determination shall be based on all of the information provided by the debtor and other information available to the debt collector or collection agency in its file or from the creditor.

(e) No inference or presumption that the debt is valid or invalid or that the debtor is liable or not liable for the debt may arise if the debt collector or collection agency decides after the review described in subsection (d) to cease or recommence the debt collection activities. The exercise or non-exercise of rights

under this Section is not a waiver of any other right or defense of the debtor or debt collector.

(f) A debt collector or collection agency that (i) ceases collection activities under this Section, (ii) does not recommence those collection activities, and (iii) furnishes adverse information to a consumer credit reporting agency, must notify the consumer credit reporting agency to delete that adverse information. (Emphasis added)

20. CBCS's representative told plaintiff that they would send him a theft affidavit, which they failed to do, but did not inform plaintiff that his claim of identity theft had to be in writing or any other matters required by 225 ILCS 425/9.4.

21. At no time did CBCS send plaintiff any writing informing him of his right to dispute the debt.

22. As a result of the failure of defendant to comply with the law, plaintiff was required to spend time and money to deal with the fraudulent account and incurred aggravation and inconvenience.

## COUNT I – FDCPA

23. Plaintiff incorporates paragraphs 1-22.

24. CBCS violated 15 U.S.C. §1692g(a) by failing to send plaintiff the notice of rights specified by that section within 5 days of CBCS' initial communication with plaintiff.

25. Section 1692g(a) states:

§ 1692g. Validation of debts

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing

5

within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems proper.

## COUNT II – ICAA

26.    Plaintiff incorporates paragraphs 1-22.

27.    CBCS violated 225 ILCS 425/9.3 by not providing the notice required by that provision within 5 days of CBCS' initial communication with plaintiff.

28.    225 ILCS 425/9.3 states:

225 ILCS 425/9.3. (Effective January 1, 2008) Validation of debts

Sec. 9.3. (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:

(1) The amount of the debt.

(2) The name of the creditor to whom the debt is owed.

(3) That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.

(4) That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification of the debt or a copy of a judgment against the debtor and a copy of the

verification or judgment will be mailed to the debtor by the debt collector or collection agency.

(5) That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor. If the disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact.

29. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. Compensatory and punitive damages;

    b. Costs.

    c. Such other and further relief as is appropriate.

## COUNT III – ICAA

30. Plaintiff incorporates paragraphs 1-22.

31. CBCS violated 225 ILCS 425/9.4 by not informing plaintiff of the matters required by that provision.

32. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. Compensatory and punitive damages;

    b. Costs.

    c. Such other and further relief as is appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
T:\22952\Pleading\Complaint -- CBCS_Pleading.WPD

## VERIFICATION

Lucas Lovette declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated above are correct to the best of his knowledge and belief.

_____
Lucas Lovette

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)